NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 31 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MALIEK ROSIER, individually, | No.  20-55379 |
| Plaintiff-Appellant, | D.C. No. 8:18-cv-02175-DOC-DFM |
| v. | |
| CITY OF HUNTINGTON BEACH, a governmental entity; MATTHEW REZA, individually; ALEXANDER DURHAM, individually, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Argued August 6, 2021
Pasadena, California

Before:  PAEZ, CALLAHAN, and HURWITZ, Circuit Judges.

In this 42 U.S.C. § 1983 excessive force case, Maliek Rosier ("Rosier")

appeals the judgment of the district court.   Rosier argues that: (1) the district court

abused its discretion by permitting the government to question him on cross-

examination about whether he had been stabbed in the intervening time between

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

the encounter at Huntington Beach and the trial, and (2) the district court erred by instructing the jury that the scope of Rosier's state-law negligence claim was the same as that of the Fourth Amendment standard for excessive force.

We review a district court's evidentiary rulings for abuse of discretion and reverse "only if the exercise of discretion was 'manifestly erroneous *and* prejudicial.'" *Microsoft Corp. v. Motorola, Inc.*, 795 F.3d 1024, 1056 (9th Cir. 2015) (emphasis in original) (citation omitted). We review de novo whether a jury instruction correctly states the law. *United States v. Berry*, 683 F.3d 1015, 1020 (9th Cir. 2012). Finding no abuse of discretion or error, we affirm.

1. The district court did not abuse its discretion in permitting evidence of a stabbing incident in which Rosier was injured. First, the stabbing incident was relevant and probative regarding the history of Rosier's emotional injuries, and thus, damages. *See* Fed. R. Evid. 401, 402. Second, the probative value of the evidence was not substantially outweighed by any prejudicial effect. *See* Fed. R. Evid. 403; *Old Chief v. United States*, 519 U.S. 172, 180 (1997).

Defendants introduced the evidence of the stabbing while cross-examining Rosier about the emotional trauma he testified that he experienced after his arrest. Rosier was the victim in the stabbing incident, not the perpetrator, and the question posed by Defendants about the stabbing made that clear. Further, before Defendants inquired about the stabbing, the parties stipulated to the single question

2

that would be posed to Rosier.  Even assuming that the evidence may have had some prejudicial effect, its probative value was not substantially outweighed by the danger of unfair prejudice.  *See* Fed. R. Evid. 403.

**2.**  Rosier requested a negligence jury instruction based on *Hayes v. Cty. of San Diego*, 160 Cal. Rptr. 3d 684 (Cal. 2013).  *Hayes* held that "[l]aw enforcement personnel's tactical conduct and decisions preceding the use of *deadly* force are relevant considerations under California law in determining whether the use of *deadly* force gives rise to negligence liability."  *Id.* at 697 (emphases added).  Here, Rosier's negligence claim was not based on the use of deadly force.  Because *Hayes* is limited to a claim involving deadly force, the district court correctly instructed the jury that under California law, finding for Defendants on Rosier's Fourth Amendment excessive force claim would necessarily yield the same result for his negligence claim.

**AFFIRMED.**